# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 99-41203
## Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JIMMIE C. BALLARD,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CR-117-ALL
--------------------
June 14, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jimmie Ballard pleaded guilty to check fraud and to being a felon in possession of a firearm. He appeals the district court's refusal to grant him an offense level reduction pursuant to U.S. Sentencing Guidelines § 2K2.1(b)(2), which allows a reduction when the defendant's possession of the firearms is solely for sporting or collection purposes. Ballard argues that the district court erred when it stated that Ballard had denied owning handguns at the guilty-plea hearing; that the probation officer gave inconsistent reasons for denying the reduction, and his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

recommendation was thus unreliable; and that the district court did not consider all the evidence and Ballard's arguments and did not articulate its reasons when denying the objection.

Our review of the record reveals that the district court considered the evidence and Ballard's argument when making its § 2K2.1(b)(2) determination and that the district court articulated its reasons for denying the sentencing reduction. See United States v. Melton, 930 F.2d 1096, 1099 (5th Cir. 1991). The probation officer's recommendation in his Second Addendum to the Presentence Report was supported by the record, and it provided sufficient indicia of reliability such that the district court's denial of the § 2K2.1(b)(2) reduction was not clearly erroneous. See United States v. Brown, 54 F.3d 234, 242 (5th Cir. 1995); United States v. Shell, 972 F.2d 548, 552-53 (5th Cir. 1992). Ballard's challenges to the district court's findings are without merit.

Ballard also notes that there was a stipulation by the Government and Ballard in the plea agreement that he possessed the firearms for collection purposes, and he argues in his reply brief that the Government breached the plea agreement by introducing evidence in the district court and by presenting arguments on appeal indicating another purpose for the possession of the guns. We need not review whether the Government's conduct in the district court violated the plea agreement because Ballard did not raise this argument until his reply brief. See United States v. Jackson, 50 F.3d 1335, 1340 n.7 (5th Cir. 1995). Nevertheless, this contention lacks merit. On appeal, the Government simply argues

that the district court's determination was sufficiently supported by the record. A review of the plea agreement, which stated that the stipulation would not be binding on the district court, indicates that parties intended the stipulation to apply to arguments presented to the district court and not that the Government would be prevented from defending the district court's decision in this court. The Government has not breached the plea agreement.

**AFFIRMED.**